# EXHIBIT "1"

# EXHIBIT "1"

22CMCV00262
Electronically FILED by Superior Court of California, County of Los Angeles on 08/08/2022 02:20 PM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Sanchez, Deputy Clerk
Assigned for all purposes to: Compton Courthouse, Judicial Officer: Michael Shultz

Gary R. Selvin, State Bar No. 112030
Robin D. Korte, State Bar No. 182553
SELVIN WRAITH HALMAN LLP
505 14th Street, Suite 1200
Oakland, CA 94612
Telephone: (510) 874-1811
Facsimile: (510) 465-8976
E-mail: gselvin@selvinwraith.com
rkorte@selvinwraith.com

Attorneys for Plaintiff
FARMERS INSURANCE EXCHANGE

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| FARMERS INSURANCE EXCHANGE,<br><br>Plaintiff,<br><br>v.<br><br>WESCO INSURANCE COMPANY and DOES 1 through 10,<br><br>Defendants. | CASE NO.: 22CMCV00262<br><br>**COMPLAINT FOR EQUITABLE CONTRIBUTION** |

Plaintiff Farmers Insurance Exchange ("Farmers") brings this action against Defendant, WESCO INSURANCE COMPANY ("Wesco") as follows:

## I. INTRODUCTION

1. By this Complaint, Farmers seeks equitable contribution from Wesco which failed and refused to indemnify Farmers' and Wesco's (jointly the "Parties") mutual insured, Lake Terrace Condominium Association ("Lake Terrace") against the action entitled *Sherelle Derirra McCann, et al. v. Lake Terrace Condominium Association, et. al.,* in the Superior Court of Los Angeles (Central District), Case No. 18STCV01884 (the "Underlying Action." attached as Exhibit A). Wesco owes equitable contribution for amounts Farmers paid to indemnify Lake Terrace to the extent Farmers paid more than its fair share. Farmers alleges the following against Wesco:

## II. THE PARTIES

2. At all times referenced herein, Farmers was and is an inter-insurance or reciprocal

exchange formed under the laws of California licensed to do business and doing business in the State of California.

3. Farmers is informed, believes, and based thereon alleges that Wesco is an insurance company incorporated in Delaware with a principal place of business at 59 Maiden Ln., 43rd floor, New York, New York.

### III. VENUE

4. Venue is proper because the actions and occurrences herein complained of were performed and took place in Los Angeles County, California, and the amounts at issue in this action herein are in excess of the jurisdictional minimum of the Superior Court.

### IV. NATURE OF ACTION

5. Subject to a reservation of rights, Farmers accepted the tender of defense and indemnity on behalf of Lake Terrace Condominium Association ("Lake Park") in the Underlying Action. Farmers tendered the defense to Wesco, which initially improperly rejected the tender of the Underlying Action incorrectly asserting there was no coverage under the policy of insurance issued by Wesco to Lake Terrace. Subsequently, Wesco agreed to defend but failed and refused to share in the settlement of claims against Lake Terrace or to indemnify Lake Terrace and to pay its fair share for Lake Terrace's indemnity.

6. Farmers therefore seeks reimbursement from Wesco for amounts paid by Farmers for the defense and indemnity of Lake Terrace exceeding Farmers' fair share.

### V. THE UNDERLYING ACTION

7. Sherelle McCann filed the Underlying Action alleging that on November 1, 2016, she was a resident of the Lake Terrace Condominium Association. She was walking on the common area walkway of the property and she slipped and fell. The walkway is alleged to have been "made of cement, concrete and/or smooth, slick and/or slippery stones or pebbles." The walkway is also alleged to be "dangerous, defective, unsafe, substandard, slippery, slick, unkempt, faulty and/or flawed." She alleges she suffered severe permanent injuries.

8. At her deposition, Ms. McCann testified that on the morning she fell, leaves were present on the walkway. She also recalls seeing water on the walkways of the HOA prior to this

incident, including the walkway location of the incident. There was water on the walkways on the morning of the accident from the sprinklers. As she was walking on the walkway she slipped at a point where the walkway converges with another walkway at a "T" intersection.

**A. Rancho Contracts with Lake Terrace Homeowner Association**

9. Rancho California Landscaping Inc. ("Rancho") contracted with the Lake Terrace Homeowner Association to provide landscaping services at the association property beginning May 1, 2013, under a Landscape Maintenance Contract. In addition to the maintenance work Rancho performed regularly at the HOA, it also performed specific tasks subject to additional proposals as further work was necessary. The proposals include work such as tree removal, tree trimming, irrigation upgrades, etc.

The Landscape Maintenance Contract requires:

> Contractor shall, at his expense, obtain and keep in force during the term of the contract, a policy of Comprehensive General Liability Insurance covering bodily injury and property damage; insuring Contractor and Owner against any liability arising out of the maintenance of the premises and all areas appurtenant thereto. Such insurance shall be in a Combined Single Limit policy in an amount of $2,000,000.00 with $3,000,000.00 excess umbrella liability.

10. The contract requires additional insured coverage protecting the Association for bodily injury arising out of Rancho's maintenance of the premises and appurtenant areas. The contract requires Rancho to maintain the lawns, ground covers, and trees. It also provides the planting beds, lawns, and walkways will be cleaned of papers and bottles. At the end of each workday Rancho agreed to pick up clippings, trimmings, and debris leaving the property clean. Rancho also had responsibility for the irrigation systems. This included fixing broken or clogged sprinkler heads and to monitor the system for leaking valves or other conditions that hamper operation of the system. The contract provides watering will be done at night or early morning. Rancho was to regularly inspect sprinkler heads and to adjust them to provide the "best possible coverage."

**B. The Additional Insured Endorsements**

11. Wesco insured Rancho under policy number 0094313792. The claim file contains two additional insured endorsements. The first provides additional insured coverage where required by written contract for ongoing operations. The second provides additional insured coverage for

3
**COMPLAINT FOR EQUITABLE CONTRIBUTION**  **CASE NO.:**

1 completed operations.

2     12.    The Ongoing Operations Endorsement provides coverage for ongoing operations and it provides blanket coverage for "Any person or organization for whom you are performing operations or when you and such person or organization have agreed in a written contract or written agreement, provided said contract or agreement is executed prior to the date of loss, that such person or organization be added as an additional insured on your policy." The Ongoing Operations Endorsement further states that:

> A. **Section II - Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
>
>     1. Your acts or omissions; or
>
>     2. The acts or omissions of those acting on your behalf;
>
> in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above. ...

    13.    The Completed Operations Endorsement also provides coverage to additional insureds that Rancho agreed to add as an additional insured pursuant to contract. It provides coverage for:

> A. **Section II - Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury" or "property damage" caused, in whole or in part, by "your work" at the location designated and described in the Schedule of this endorsement performed for that additional insured and included in the "products-completed operations hazard". ...

    14.    The Association is an additional insured under Rancho's policy with respect to liability "arising out of the maintenance of the premises and all areas appurtenant thereto."

    15.    Based on the terms, conditions, exclusions and provisions of Farmers' and Wesco's Policies, Wesco had an obligation to fully indemnify Lake Terrace as an additional insured. It refused to do so. As a result, Farmers settled all claims against Lake Terrace and thereby paid more than its fair share to indemnify Lake Terrace in the Underlying Action. Wesco has refused, and continues to refuse to contribute its fair share to settle the claims against Lake Terrace, causing Farmers to be compelled to pay more than its fair share.

**COMPLAINT FOR EQUITABLE CONTRIBUTION**     **CASE NO.:**

16. Pursuant to the doctrine of equitable contribution, Farmers is entitled to recover from Wesco those amounts which Farmers paid in excess of its fair share of Lake Terrace's settlement in the Underlying Action.

17. Farmers is entitled to an award of equitable contribution to reimburse Farmers for sums equivalent to Wesco's fair, equitable, and proportionate share of the fees and costs incurred by Farmers, in excess of Farmers' fair share, to defend and indemnify Lake Terrace, with interest thereon at the prescribed legal rate.

## VI. PRAYER

WHEREFORE, Farmers prays for judgment against Wesco as set forth below:

1. For damages representing Wesco's equitable share of payments by Farmers in the Underlying Action;
2. For prejudgment interest;
3. For costs of suit herein; and
4. For such other and further relief as the Court may deem just and proper.

Dated: August 8, 2022

SELVIN WRAITH HALMAN LLP

By: _____
Gary R. Selvin
Robin D. Korte
Attorneys for Plaintiff
FARMERS INSURANCE EXCHANGE

419296.doc

---

5
**COMPLAINT FOR EQUITABLE CONTRIBUTION**  CASE NO.:

EXHIBIT A

MICHAEL M. MARZBAN, ESQ.
Law Offices of
COHEN & MARZBAN
Law Corporation
16000 Ventura Boulevard
Suite 701
Encino, California 91436
Telephone: (818) 986-3332
Facsimile: (818) 986-5879
State Bar No.: 238624

File No.: 24288A&B
Attorneys for Plaintiffs

(Space Below for Filing Stamp Only)

**FILED**
Superior Court of California
County of Los Angeles

OCT 23 2018

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Shaunya Bolden

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| SHERELLE DERIRRA McCANN; ISAAC LAMAR McCANN III, <br><br> Plaintiffs, <br><br> vs. <br><br> LAKE TERRACE CONDOMINIUM ASSOCIATION; HOAG PROPERTY MANAGEMENT, INC.; AND DOES 1 TO 100 INCLUSIVE, AND EACH OF THEM, <br><br> Defendants. | Case No. 18STCV01884 <br><br> COMPLAINT FOR DAMAGES FOR: <br><br> 1.) GENERAL NEGLIGENCE <br> 2.) PREMISES LIABILITY <br> 3.) GENERAL NEGLIGENCE – LOSS OF CONSORTIUM |

COME NOW Plaintiffs, SHERELLE DERIRRA McCANN; ISAAC LAMAR McCANN III, and allege as follows:

1.  At all times herein mentioned Plaintiffs, SHERELLE DERIRRA McCANN, is, and at all relevant times mentioned herein was, an individual residing in the County of Los Angeles, State of California.

2.  At all times herein mentioned Plaintiffs, ISAAC LAMAR McCANN III, is, and at all relevant times mentioned herein was, an individual residing in the County

1
Complaint for Damages

of Los Angeles, State of California.

3. Plaintiffs are informed and believe and based thereon allege that at all times herein mentioned, Defendant, LAKE TERRACE CONDOMINIUM ASSOCIATION, is, and at all relevant times mentioned herein was, a corporation with its principal place of business in the County of Los Angeles, State of California.

4. Plaintiffs are informed and believe and based thereon allege that at all times herein mentioned, Defendant, HOAG PROPERTY MANAGEMENT, INC., is, and at all relevant times mentioned herein was, a corporation with its principal place of business in the County of Los Angeles, State of California.

5. Plaintiffs are informed and believe and based thereon allege that the above-entitled Court is the proper Court for this action because the injury to the Plaintiffs occurred within the jurisdiction of said Court.

6. The true names and capacities of Defendants referred to herein as Does 1 to 100, Inclusive, and each of them, are unknown to Plaintiffs at this time and Plaintiffs is informed and believes that they are in some way responsible for the damages incurred. Plaintiffs will amend this Complaint to allege the true names and capacities when ascertained.

7. Plaintiffs are informed and believe and based thereon allege that at all material times each of the Defendants were the agents, ostensible agents, managing agents, principals, officers, servants, directors, managers, employees, alter egos, partners, trustees, co-trustees, co-venturers and/or joint venturers of the co-defendants, and in doing the things herein alleged were acting in an agency, managerial or employment capacity within the course and scope of their authority, whose acts and conduct herein alleged were with the permission and consent of the co-defendants. Each of the Defendants actions and conduct were known to, authorized and ratified by the co-defendants. Plaintiffs are informed and believe and based thereon allege that all of the conduct by the individual Defendants, which was outside the scope of their authority, was known to, authorized and ratified by the co-defendants.

1   8.   Plaintiffs are further informed and believe and based thereon allege that
2 each Defendant designated herein as a Doe was responsible, negligently, or in some
3 other actionable manner, for the events and happenings referred to herein, which
4 proximately caused injury and damages to Plaintiffs, as hereinafter alleged.

## FACTUAL ALLEGATIONS

7   9.   Plaintiffs are informed and believe and based thereon allege that on or
8 about November 01, 2016 (hereafter referred herein as the "Subject Date"), Plaintiff,
9 SHERELLE DERIRRA McCANN, was a resident and lawfully at the condominium
10 complex located at 16211 Downey Avenue, Paramount, California 90723 (hereafter
11 referred herein as "Subject Area", "Subject Premises", "Subject Property" and/or
12 "Subject Complex"); that the Subject Complex is, and at all relevant times mentioned
13 herein was, owned, managed, operated, controlled, inspected, maintained, cleaned,
14 repaired, guarded, monitored, supervised, renovated and/or secured by Defendants,
15 LAKE TERRACE CONDOMINIUM ASSOCIATION; HOAG PROPERTY
16 MANAGEMENT, INC.; and Does 1 to 100, Inclusive, and each of them.

17   10.   Plaintiffs are informed and believe and based thereon allege that on the
18 Subject Date, as Plaintiff, SHERELLE DERIRRA McCANN, was walking on the
19 common area walkway located on the Subject Property (hereafter referred herein as
20 "Subject Walkway"), which at all relevant times mentioned herein was negligently and
21 carelessly owned, managed, operated, controlled, inspected, maintained, cleaned,
22 repaired, guarded, monitored, supervised, renovated and/or secured by Defendants,
23 LAKE TERRACE CONDOMINIUM ASSOCIATION; HOAG PROPERTY
24 MANAGEMENT, INC.; and Does 1 to 100, Inclusive, and each of them; that the Subject
25 Walkway was made of cement, concrete and/or smooth, slick and/or slippery stones or
26 pebbles; that at all relevant times mentioned herein the Subject Walkway was dangerous,
27 defective, unsafe, substandard, slippery, slick, unkempt, faulty and/or flawed; that on the
28 Subject Date, as Plaintiff was walking on the Subject Walkway, she slipped and fell on a

1  slippery, wet and/or slick substance and/or surface, causing Plaintiff to suffer severe
2  injuries and damages.

3  11.  Plaintiffs are informed and believe and based thereon allege that as a direct
4  and legal (proximate) cause of said Defendants', and each of their, negligent acts and/or
5  omissions, as alleged herein above, Plaintiff, SHERELLE DERIRRA McCANN, suffered
6  severe and permanent physical and bodily injuries, received medical treatment for her
7  injuries and damages, and was treated for those injuries and damages by various health
8  care providers, incurred medical, hospital, other related special economic damages, as
9  well as past, present and future general damages for her pain, suffering, distress and
10 anguish.  Further, Plaintiff, SHERELLE DERIRRA McCANN, and Plaintiff, ISAAC
11 LAMAR McCANN III, are, and at all relevant times mentioned herein were, husband and
12 wife; and that as a direct and legal (proximate) cause of said Defendants', and each of
13 their, negligent acts and/or omissions, as alleged herein above, and due to the severe and
14 permanent physical and bodily injuries suffered by Plaintiff, SHERELLE DERIRRA
15 McCANN, Plaintiff, ISAAC LAMAR McCANN III, suffered a loss of consortium,
16 which includes, but is not limited to, the loss of love, companionship, comfort, care,
17 assistance, protection, affection, society, and/or moral support of/from Plaintiff,
18 SHERELLE DERIRRA McCANN.

## FIRST CAUSE OF ACTION

### General Negligence

(As against All Named and Doe Defendants, and each of them)

23  12.  Plaintiffs re-allege and incorporate by this reference each and every
24 allegation in the foregoing paragraphs as though fully set forth herein.

25  13.  Plaintiffs are informed and believe and based thereon allege that on or
26 about November 01, 2016, Plaintiff, SHERELLE DERIRRA McCANN, was outside
27 walking lawfully on the Subject Walkway that is in or on the common area of Subject
28 Premises located at 16211 Downey Avenue, Paramount, California 90723; that the

Subject Area and/or Subject Walkway is, and at all relevant times mentioned herein was, owned, managed, operated, controlled, inspected, maintained, cleaned, repaired, guarded, monitored, supervised, renovated and/or secured by Defendants, LAKE TERRACE CONDOMINIUM ASSOCIATION; HOAG PROPERTY MANAGEMENT, INC.; and Does 1 to 100, Inclusive, and each of them.

14. Plaintiffs are informed and believe and based thereon allege that on the Subject Date, Defendants, LAKE TERRACE CONDOMINIUM ASSOCIATION; HOAG PROPERTY MANAGEMENT, INC.; and Does 1 to 100, Inclusive, and each of them, negligently and carelessly owned, managed, operated, controlled, inspected, maintained, cleaned, repaired, guarded, monitored, supervised, renovated and/or secured the Subject Premises and/or Subject Walkway, in that said Defendants, and each of them, knew, or in the exercise of reasonable care should have known, that said Subject Area and/or Subject Walkway was at all times in a dangerous condition and constituted an unreasonable risk of harm to Plaintiffs of which Plaintiffs was unaware. Further, said Defendants, and each of them, negligently and carelessly failed to maintain or repair the premises, i.e. the Subject Area and/or Subject Walkway, in a safe condition or warn Plaintiffs of its unsafe condition, so that as Plaintiff, SHERELLE DERIRRA McCANN, was walking on the Subject Area, she slipped and fell on a slippery, wet and/or slick substance and/or surface, causing Plaintiff to suffer severe injuries and damages.

15. Further, Plaintiffs are informed and believe and based thereon allege that on or before November 01, 2016, Defendants, LAKE TERRACE CONDOMINIUM ASSOCIATION; HOAG PROPERTY MANAGEMENT, INC.; and Does 1 to 50, inclusive, and each of them, negligently hired, contracted, trained, supervised, retained, engaged, employed and/or managed Defendants, LAKE TERRACE CONDOMINIUM ASSOCIATION; HOAG PROPERTY MANAGEMENT, INC.; and Does 51 to 100, Inclusive, and each of them.

16. Moreover, Defendants, LAKE TERRACE CONDOMINIUM ASSOCIATION; HOAG PROPERTY MANAGEMENT, INC.; and Does 1 to 50,

inclusive, and each of them, knew, or in the exercise of reasonable diligence should have known, that Defendants, LAKE TERRACE CONDOMINIUM ASSOCIATION; HOAG PROPERTY MANAGEMENT, INC.; and Does 51 to 100, Inclusive, and each of them, herein were negligent, careless, and/or reckless operators, contractors, repairers, managers, supervisors, guarders, renovators, maintainers, securers, cleaners, inspectors, caregivers, and/or controllers of the Subject Premises and/or the Subject Walkway.

17. As a direct and legal (proximate) cause of said Defendants', and each of their, negligent acts and/or omissions, as alleged herein above, Plaintiff, SHERELLE DERIRRA McCANN, suffered severe and permanent physical and bodily injuries, received medical treatment for her injuries and damages, and was treated for those injuries and damages by various health care providers, incurred medical, hospital, other related special economic damages, as well as past, present and future general damages for her pain, suffering, distress and anguish.

## SECOND CAUSE OF ACTION
### Premises Liability
**(As against All Named and Doe Defendants, and each of them)**

18. Plaintiffs re-allege and incorporate by this reference each and every allegation in the foregoing paragraphs as though fully set forth herein.

19. Plaintiffs are informed and believe and based thereon allege that on or about November 01, 2016, Plaintiff, SHERELLE DERIRRA McCANN, was outside walking lawfully on the Subject Walkway that is in or on the common area of Subject Premises located at 16211 Downey Avenue, Paramount, California 90723; that the Subject Area and/or Subject Walkway is, and at all relevant times mentioned herein was, owned, managed, operated, controlled, inspected, maintained, cleaned, repaired, guarded, monitored, supervised, renovated and/or secured by Defendants, LAKE TERRACE CONDOMINIUM ASSOCIATION; HOAG PROPERTY MANAGEMENT, INC.; and Does 1 to 100, Inclusive, and each of them.

20. Plaintiffs are informed and believe and based thereon allege that on the Subject Date, Defendants, LAKE TERRACE CONDOMINIUM ASSOCIATION; HOAG PROPERTY MANAGEMENT, INC.; and Does 1 to 100, Inclusive, and each of them, negligently and carelessly owned, managed, operated, controlled, inspected, maintained, cleaned, repaired, guarded, monitored, supervised, renovated and/or secured the Subject Premises and/or Subject Walkway, in that said Defendants, and each of them, knew, or in the exercise of reasonable care should have known, that said Subject Area and/or Subject Walkway was at all times in a dangerous condition and constituted an unreasonable risk of harm to Plaintiffs of which Plaintiffs was unaware. Further, said Defendants, and each of them, negligently and carelessly failed to maintain or repair the premises, i.e. the Subject Area and/or Subject Walkway, in a safe condition or warn Plaintiffs of its unsafe condition, so that as Plaintiff, SHERELLE DERIRRA McCANN, was walking on the Subject Area, she slipped and fell on a slippery, wet and/or slick substance and/or surface, causing Plaintiff to suffer severe injuries and damages.

21. As a direct and legal (proximate) cause of said Defendants', and each of their, negligent acts and/or omissions, as alleged herein above, Plaintiff, SHERELLE DERIRRA McCANN, suffered severe and permanent physical and bodily injuries, received medical treatment for her injuries and damages, and was treated for those injuries and damages by various health care providers, incurred medical, hospital, other related special economic damages, as well as past, present and future general damages for her pain, suffering, distress and anguish.

### THIRD CAUSE OF ACTION
**General Negligence – (Loss of Consortium)**
(As against All Named and Doe Defendants, and each of them)

22. Plaintiffs re-allege and incorporate by this reference each and every allegation in the foregoing paragraphs as though fully set forth herein.

//

23. Plaintiffs are informed and believe and based thereon allege that on or about November 01, 2016, Plaintiff, SHERELLE DERIRRA McCANN, was outside walking lawfully on the Subject Walkway that is in or on the common area of Subject Premises located at 16211 Downey Avenue, Paramount, California 90723; that the Subject Area and/or Subject Walkway is, and at all relevant times mentioned herein was, owned, managed, operated, controlled, inspected, maintained, cleaned, repaired, guarded, monitored, supervised, renovated and/or secured by Defendants, LAKE TERRACE CONDOMINIUM ASSOCIATION; HOAG PROPERTY MANAGEMENT, INC.; and Does 1 to 100, Inclusive, and each of them.

24. Plaintiffs are informed and believe and based thereon allege that on the Subject Date, Defendants, LAKE TERRACE CONDOMINIUM ASSOCIATION; HOAG PROPERTY MANAGEMENT, INC.; and Does 1 to 100, Inclusive, and each of them, negligently and carelessly owned, managed, operated, controlled, inspected, maintained, cleaned, repaired, guarded, monitored, supervised, renovated and/or secured the Subject Premises and/or Subject Walkway, in that said Defendants, and each of them, knew, or in the exercise of reasonable care should have known, that said Subject Area and/or Subject Walkway was at all times in a dangerous condition and constituted an unreasonable risk of harm to Plaintiffs of which Plaintiffs was unaware. Further, said Defendants, and each of them, negligently and carelessly failed to maintain or repair the premises, i.e. the Subject Area and/or Subject Walkway, in a safe condition or warn Plaintiffs of its unsafe condition, so that as Plaintiff, SHERELLE DERIRRA McCANN, was walking on the Subject Area, she slipped and fell on a slippery, wet and/or slick substance and/or surface, causing Plaintiff to suffer severe injuries and damages.

25. As a direct and legal (proximate) cause of said Defendants', and each of their, negligent acts and/or omissions, as alleged herein above, Plaintiff, SHERELLE DERIRRA McCANN, suffered severe and permanent physical and bodily injuries, received medical treatment for her injuries and damages, and was treated for those injuries and damages by various health care providers, incurred medical, hospital, other

related special economic damages, as well as past, present and future general damages for her pain, suffering, distress and anguish. Further, Plaintiff, SHERELLE DERIRRA McCANN, and Plaintiff, ISAAC LAMAR McCANN III, are, and at all relevant times mentioned herein were, husband and wife; and that as a direct and legal (proximate) cause of said Defendants', and each of their, negligent acts and/or omissions, as alleged herein above, and due to the severe and permanent physical and bodily injuries suffered by Plaintiff, SHERELLE DERIRRA McCANN, Plaintiff, ISAAC LAMAR McCANN III, suffered a loss of consortium, which includes, but is not limited to, the loss of love, companionship, comfort, care, assistance, protection, affection, society, and/or moral support of/from Plaintiff, SHERELLE DERIRRA McCANN.

**WHEREFORE**, Plaintiffs, SHERELLE DERIRRA McCANN; ISAAC LAMAR McCANN III, prays for Judgment against the Defendants, LAKE TERRACE CONDOMINIUM ASSOCIATION; HOAG PROPERTY MANAGEMENT, INC.; and Does 1 to 100, Inclusive, and each of them, as follows:

1. For economic and special damages consisting of, but not limited to, past, present and future medical and hospital expenses, loss of earnings and other expenses, of the Plaintiffs herein;
2. For non-economic and general damages consisting of, but not limited to, damages to compensate the Plaintiffs herein for her past, present and future pain and suffering;
3. For prejudgment and post-judgment interest;
4. For costs of suit incurred herein; and

//
//
//
//
//

5. For such other and further relief as the Court may deem proper.

Dated: October 22, 2018

COHEN & MARZBAN, Law Corporation

MICHAEL M. MARZBAN, ESQ.
Attorney for Plaintiffs,
SHERELLE DERIRRA McCANN and
ISAAC LAMAR McCANN III